UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MINH PHAM,

      Petitioner,

   v.                       Case No.:  2:26-cv-00954-SPC-NPM

MIAMI FIELD OFFICE
DIRECTOR, IMMIGRATION AND
CUSTOMS ENFORCEMENT *et al.*,

      Respondents,

_____/

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Minh Pham's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).  For the below reasons, the Court grants the petition.

Pham is a native of Vietnam who was admitted into the United States as a refugee on December 19, 1986, and later adjusted his status to lawful permanent resident.  He was convicted of possession of cocaine on December 4, 1991, and put in removal proceedings the next day.  An immigration judge ordered Pham removed to Vietnam on May 15, 1992.  Immigration and Customs Enforcement ("ICE") later released Pham on an order of supervision

On November 12, 2025, ICE arrested Pham while he was working on a commercial fishing vessel and detained him.  Almost five months later, ICE issued a notice of revocation of release and conducted an informal interview.

Pham said he wanted to return to Vietnam, but the country would not repatriate him.   He is currently detained at Alligator Alcatraz.   Pham challenges the legality of his prolonged detention.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.   *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."   533 U.S. at 700-01 (2001).   If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."   *Id.* at 699.   The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."   *Id* at 701.   So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.   *Id.*   Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Pham's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Pham has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in the 1990s, Vietnam will not repatriate him, and

ICE has taken no steps to remove him since his November 2025 arrest.  The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Pham will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Pham to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Minh Pham Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Pham within 24 hours of this Order, and they shall give him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record